UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRELL JAMES ROBEY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-71-JD-MGG |
| DR. CHICO, | |
| Defendant. | |

OPINION AND ORDER

Terrell James Robey, a prisoner without a lawyer, is proceeding in this case against Dr. Christina Chico in her personal capacity for monetary damages "for failing to provide constitutionally adequate treatment for his severe depression from October 2021 to the present[.]" ECF 3 at 9. Dr. Chico filed a motion for summary judgment, arguing Robey did not exhaust his administrative remedies before filing suit. ECF 19. Robey filed a response, and Dr. Chico filed a reply. ECF 45, 51.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly

supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action under federal law with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, a prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative

process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Dr. Chico argues Robey did not exhaust his administrative remedies prior to filing this lawsuit because he submitted only one grievance related to his mental health treatment, which was rejected by the grievance office. ECF 20 at 11. Specifically, the undisputed evidence shows Robey submitted a grievance on December 5, 2021, complaining that: (1) mental health staff had repeatedly denied him a proper diagnosis and adequate treatment for his mental health issues, including gender dysmorphia, major depression, anxiety, and suicidal ideations; (2) his housing assignment was exacerbating his mental health issues; and (3) following his suicide attempt on November 29, 2021, Dr. Chico returned him to his cell without placing him on suicide watch or providing him any psychiatric treatment. ECF 20-11 at 2-3. Robey requested as relief that he be transferred to a facility that could provide adequate mental health treatment. *Id.* at 3. On December 8, 2021, the grievance office rejected this grievance on the grounds that:

> Staff discipline, staff assignment, staff duties, and/or staff training are not appropriate to the grievance process. In your grievance, you describe being seen by medical and mental health staff on more than [one] occasion, and it appears that you are unhappy with their course of treatment. At this point, nothing staff have done appears to be in violation of protocol. You may file for protective custody at any time.

3

*Id.* at 1.

Here, the undisputed evidence shows the grievance office improperly rejected Robey's December 5 grievance. Specifically, Robey's December 5 grievance complained that Dr. Chico and other mental health staff had denied him adequate medical care, which is a grievable issue. *See* ECF 20-2 at 3 (listing "Actions of individual staff, contractors, or volunteers" as grievable conduct). Dr. Chico does not provide any evidence the grievance office properly rejected the December 5 grievance on the ground that it complained of "staff discipline, staff assignments, staff duties, and/or staff training." Moreover, the grievance office's conclusion that "nothing staff have done appears to be in violation of protocol" is not a valid reason for rejecting Robey's December 5 grievance, as there is no requirement in the Offender Grievance Process that a grievance must be meritorious in order to be accepted by the grievance office. *See* ECF 20-2 at 9-10 (listing the requirements for a completed grievance form); *Davis v. Mason*, 881 F.3d 982, 986 (7th Cir. 2018) (holding the grievance office made an inmate's administrative remedies unavailable by rejecting his grievance based on purported noncompliance with unannounced requirements). Accordingly, because Dr. Chico provides no evidence the grievance office had a valid basis for rejecting Robey's December 5 grievance, the undisputed facts show the grievance office made the grievance process unavailable to Robey by improperly rejecting his grievance. *See Dole*, 438 F.3d at 809.

Dr. Chico raises two additional arguments that must be addressed. First, Dr. Chico argues Robey did not exhaust his administrative remedies because he "took no

further action to correct" and resubmit his December 5 grievance after it was rejected by the grievance office. ECF 20 at 11. However, it is unclear what corrections Robey was expected to make to his December 5 grievance, as the undisputed evidence shows the grievance office improperly rejected the grievance without any valid basis. Second, Dr. Chico argues Robey did not exhaust his administrative remedies because he took no further action to "submit another [grievance] on that topic" after his December 5 grievance was rejected. *Id*. But Dr. Chico provides no evidence the Offender Grievance Process required Robey to submit another grievance on that topic after the grievance office improperly rejected his first grievance. Specifically, the Offender Grievance Process provides that an offender may correct and resubmit a rejected grievance, and does not provide that an offender may submit another grievance raising the same issue as a rejected grievance. *See* ECF 20-2 at 10; ECF 20-11 at 1 (providing that a grievance may be rejected for raising an issue that was addressed in a prior grievance).

Accordingly, because the undisputed facts show the grievance office made the grievance process unavailable to Robey by improperly rejecting his December 5 grievance, Dr. Chico has not met her burden to show Robey had available administrative remedies he did not exhaust prior to filing this lawsuit. For these reasons, the court DENIES Dr. Chico's motion for summary judgment (ECF 19).

SO ORDERED on November 29, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

5